# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BARRY AHURUONYE,<br>        Appellant,<br><br>    v.<br><br><br>DEPARTMENT OF THE INTERIOR,<br>        Agency. | DOCKET NUMBERS<br>DC-1221-15-0156-W-1<br>DC-1221-15-0201-W-1<br>DC-1221-15-0339-W-1[1]<br><br><br>DATE: JUNE 29, 2015 |

# THIS ORDER IS NONPRECEDENTIAL[2]

Barry Ahuruonye, Hyattsville, Maryland, pro se.

Josh C. Hildreth, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The appellant has filed petitions for review of the initial decisions, which dismissed these appeals for lack of jurisdiction.  For the reasons discussed below,

---

[1] We JOIN these appeals because they were before the same administrative judge below, contain numerous identical filings by the appellant, allege whistleblower retaliation by the same agency management official, and/or concern the same Office of Special Counsel (OSC) complaint.  *See* 5 C.F.R. § 1201.36.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

we GRANT the appellant's petitions for review and REMAND these cases to the Washington Regional Office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The appellant is a GS-12 Grants Management Specialist.  MSPB Docket No. DC-1221-15-0156-W-1 (0156), Initial Appeal File (IAF), Tab 1 at 1.  He filed three individual right of action (IRA) appeals with the Board asserting that the agency retaliated against him for filing an IRA appeal in July 2014 (MSPB Docket No. DC-1221-14-0911-W-1), in violation of 5 U.S.C. § 2302(b)(9)(A)(i). He alleged that, in retaliation for the aforementioned Board appeal, the agency: (1) issued him a leave restriction letter in October 2014 and subsequently relied upon that letter to charge him with 8 hours of absence without leave (AWOL) for his absence on November 12, 2014 (MSPB Docket No. DC-1221-15-0156-W-1); (2) issued him a zero performance rating on November 28, 2014, which resulted in him being denied a promotion and training (MSPB Docket No. DC-1221-15-0201-W-1 (0201)); and (3) placed him on a performance improvement plan (PIP) on January 12, 2015 (MSPB Docket No. DC-1221-15-0339-W-1 (0339)).  0156, IAF, Tab 1 at 4, Tab 3 at 4-5, Tab 7 at 8; 0201, IAF, Tab 1, Tab 12 at 20-21; 0339, IAF, Tab 1 at 4; *see* 0156, IAF, Tab 6 at 8-15; *see also* 0339, IAF, Tab 11 at 21-26, 45.  In all three appeals, he indicated that he did not wish to have a hearing.  0156, IAF, Tab 1 at 2; 0201, IAF, Tab 1 at 2; 0339, IAF, Tab 1 at 2.

¶3    The administrative judge dismissed the appeals for lack of jurisdiction, finding that the appellant failed to establish that he first exhausted his administrative remedies with OSC.  0156, IAF, Tab 21; 0201, IAF, Tab 35; 0339, IAF, Tab 21.

¶4     The appellant has filed petitions for review in these appeals, asserting that he has exhausted his administrative remedies with OSC.[3]  0156, Petition for Review (PFR) File, Tab 2; 0201, PFR File, Tab 2; 0339, PFR File, Tab 1.  The agency has filed a response to each petition, to which the appellant has replied.[4]  0156, PFR File, Tabs 6-7; 0201, PFR File, Tabs 5-6; 0339, PFR File, Tabs 5-6.

¶5     An appellant raising claims in an IRA appeal must establish that he exhausted his remedies before OSC by showing that he informed OSC of the precise ground of his charge of whistleblowing, giving OSC a sufficient basis to pursue an investigation that might lead to corrective action, and either:  (1) that he received written notification that OSC was terminating its investigation into his complaints; or (2) that 120 days have passed since he filed his request with OSC and he has not received written notification from OSC informing him that it was terminating its investigation into his complaints.  5 U.S.C. § 1214(a)(3); *Edwards v. Department of the Air Force*, 120 M.S.P.R. 307, ¶ 15 (2013).  In addition to his initial OSC complaint, an appellant also may submit as evidence of exhaustion any amendments to the complaint, OSC correspondence discussing the claims, and his responses to OSC correspondence discussing the claims.  *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 12 (2013); *see Kinsey v.*

---

[3] He also asserts that the administrative judge erred in cancelling a scheduled status conference during which he could have clarified the evidence he presented regarding exhaustion.  0201, Petition for Review (PFR) File, Tab 2 at 6-7.  We need not address this argument because we find that he has now satisfied the exhaustion requirement and we remand these appeals accordingly.  Similarly, we have not considered the appellant's June 15, 2015 supplemental pleading filed after the record closed on review.  0339, PFR File, Tab 9.

[4] The appellant argues that the Board should not consider the agency's responses in MSPB Docket Nos. DC-1221-15-0156-W-1 and DC-1221-15-0201-W-1 because they were untimely filed on May 4, 2015, although they were due on May 2, 2015, without good cause shown.  0156, PFR File, Tab 7 at 4-5; 0201, PFR File, Tab 6 at 4-5.  He is mistaken.  May 2, 2015 was a Saturday, and the Board's regulations specify that when a filing deadline falls on a Saturday, the filing period includes the first workday after the deadline.  5 C.F.R. § 1201.23.  Thus, the agency's responses were timely filed.

*Department of the Navy*, [107 M.S.P.R. 426](), ¶ 12 (2007) (an appellant may show exhaustion of his OSC remedy through means other than his OSC complaint).

¶6        On review, the appellant submits an OSC Form-11, which he asserts under penalty of perjury that he filed on November 28, 2014.  0156, PFR File, Tab 2 at 3, 7, 36-43.  On that form, he alleged that the agency placed him on leave restriction, charged him with 8 hours of AWOL, issued him a zero performance rating, denied him a promotion, and denied him training in retaliation for his filing of an IRA appeal with the Board (MSPB Docket No. DC-1221-14-0911-W-1).  *Id.* at 39-41.  He submits an April 17, 2015 letter from OSC advising him that he may seek corrective action from the Board as to his allegations that the agency retaliated against him for making protected disclosures to the Board by charging him with AWOL, issuing him a zero performance rating, and denying him training.  0156, PFR File, Tab 5 at 4.  In addition, he submits email correspondence that he had with an investigator in OSC's Investigation and Prosecution Division on January 20, 2015, wherein he reported that he experienced further retaliation because of his Board appeal when he was placed on a PIP as a result of the zero performance rating.  0339, PFR File, Tab 1 at 26-28.

¶7        Based on the foregoing, we find that the appellant has exhausted his administrative remedies with OSC as to his claim that the agency retaliated against him for his previous filing of an IRA appeal by: issuing him a zero performance rating, placing him on leave restriction and a PIP, charging him with AWOL, and denying him a promotion and training.[5]  As these issues are now ripe

---

[5] The appellant's complaints regarding the agency placing him on leave restriction, denying him a promotion, and placing him on a PIP are not specifically mentioned in OSC's April 17, 2015 closure letter.  However, at least 120 days have passed since the appellant reported all of these allegations to OSC and so they are ripe for adjudication.  *See Krape v. Department of Defense*, [87 M.S.P.R. 126](), ¶ 9 (2000) (considering whether the appellants had satisfied the exhaustion requirement assuming arguendo that the 120-day time period began to run from the date they amended their OSC complaint).

for adjudication, remand is appropriate. *See Morales v. Social Security Administration*, 108 M.S.P.R. 583, ¶ 7 (2008) (remanding for adjudication a premature IRA appeal that ripened while pending before the Board).

¶8      It appears that the appellant also may be alleging under 5 U.S.C. § 2302(b)(8) that the personnel actions at issue in these appeals, in addition to being motivated by his previous IRA appeal, are part of an ongoing pattern of retaliation stemming from various protected disclosures he made beginning in April 2014 regarding purportedly illegal grants approved by his supervisor. *See, e.g.*, 0156, IAF, Tab 16 at 4; 0339, IAF, Tab 1 at 4. The appellant has filed many voluminous pleadings, so we are presently unable to discern from the record whether he properly exhausted his OSC remedy as to such a claim. The administrative judge should resolve this issue on remand.

¶9      The appellant still bears the burden of establishing the remaining elements of Board jurisdiction, of which he already has been advised. We note that, in one of her jurisdictional orders below, the administrative judge stated that, in order to establish Board jurisdiction, the appellant must nonfrivolously allege that he made his alleged protected disclosures to "someone other than the alleged wrongdoer" and that a "disclosure made in the normal course of [one's] job responsibilities is not protected as whistleblowing." 0156, IAF, Tab 9 at 4. However, under the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat. 1465, which became effective on December 27, 2012, the law now provides protection to such disclosures. *See* 5 U.S.C. § 2302(f). This error does not appear to have caused any harm to the appellant but, to the extent that it did, he is now on notice and may raise such an issue on remand.

**ORDER**

For the reasons discussed above, we REMAND these cases to the Washington Regional Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                        _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.